# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. SYLVESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 01899 |
| v. | ) | |
| | ) | |
| WINTRUST FINANCIAL | ) | Judge John J. Tharp, Jr. |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons explained below, the Court denies the plaintiffs' motion [76] to extend the equitable tolling of the statute of limitations.

## STATEMENT

The plaintiffs ask this Court to extend the equitable tolling of the FLSA statute of limitations for members of the conditionally certified collective who have not yet received notice of this action. Wintrust's position is that this Court does not have jurisdiction to issue an order tolling the statute for prospective opt-in plaintiffs because they are not yet before the court. The Court agrees with Wintrust and concludes for several reasons that this motion is premature.

The plaintiffs are correct that in *Hoffmann-La Roche Inc. v. Sperling*, the Supreme Court decided that district courts had a "managerial responsibility to oversee the joinder of additional parties." 493 U.S. 165, 170–71 (1989). More recent Supreme Court precedent indicates, however, that this responsibility to oversee joinder does not extend as far as the plaintiffs argue. In *Genesis*, the Court held that a collective action brought by a single employee on behalf of herself and all similarly situated employees was no longer justiciable when her individual claim became moot. *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013). The Court made it clear that potential opt-in plaintiffs are not before the court until the point at which they consent to opt in. *Id.* at 1530. As for the role of district courts in facilitating communication from named plaintiffs to potential plaintiffs, the Court explained that "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Id.* (citations omitted).

The plaintiffs' argument that this "managerial responsibility" extends to rulings regarding the rights of those parties who have not yet opted in goes too far. The prospective opt-in collective members are not yet before the Court. In the end, it may be that no member of the

conditionally certified class for whom equitable tolling would be necessary will in fact opt in, thus mooting the issue. Alternatively, while perhaps unlikely, it may be that the defendant will not raise the statute of limitations as a defense to the claim of an individual plaintiff. Finally, it may be that those members of the conditionally certified class that eventually opt in may not be able to demonstrate the diligence and extraordinary circumstances necessary to justify equitable tolling. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Equitable tolling is an "extraordinary remedy," not an automatic doctrine to be granted whenever a party so moves. *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) (quoting *Simms*, 595 F.3d at 781). As an equitable doctrine, it should be available only to those who need it; otherwise, defendants should not be deprived of the protection of the statute of limitations. It is therefore the petitioner seeking equitable tolling that "bears the burden of establishing that it is warranted." *Id.* (citing *Williams v. Buss*, 538 F.3d 683, 685 (7th Cir. 2008)).

For the above reasons, the Court denies the plaintiffs' motion to further extend the equitable tolling of the FLSA statute of limitations without prejudice to those who may eventually opt in and move for similar relief.

Entered: October 22, 2013

John J. Tharp, Jr.
United States District Judge